# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JONATHAN COCCO,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF ORANGE, et al.<br><br>  Defendants. | Case No. 8:23-cv-00400-GW-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.     Pertinent Procedural History and Plaintiff's Claims

On March 7, 2023, Plaintiff Adam Jonathan Cocco, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. [Dkt. No. 1.] The Complaint alleges Plaintiff's First, Eighth and Fourteenth Amendment rights were violated while he was a pre-trial detainee at the Orange County Men's Central Jail ("the Jail"). [*Id.* at 5-6.] Plaintiff also alleges claims under the Religious Freedom Restoration Act ("RFRA") and Religious Land Use and Institutionalized Persons Act ("RLUIPA"). [*Id.* at 1-2.]

The gravamen of the Complaint is that the Jail denied Plaintiff access to religious materials and denied him a kosher diet. [*Id.* at 2.] The Complaint consists of 150 pages of rambling statements, exhibits, bible verses, and

contradictory allegations against 18 defendants. [*See id.*] For example, Plaintiff states that he is Jewish, but also states that identifying with a denomination would be against his religious beliefs. [*See e.g. id.* at 7, 13-16.] Similarly, Plaintiff contends that he was denied access to religious materials such as a Gideon or King James Bible and a Torah, but also admits he did receive a Gideon Bible and a Torah on various occasions. [*Id.* at 11, 15, 17.] Plaintiff complains that the Jail questioned the sincerity of his religious beliefs, but also states that he sometimes requested a Rabbi and sometimes requested a Catholic Priest. [*Id.* at 6, 8, 48-49.]

On April 18, 2023, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that it failed to state a cognizable claim against any named defendant, as required by Rule 8 of the Federal Rules of Civil Procedure. [Dkt. No. 5.] The Court dismissed the Complaint with leave to amend and ordered Plaintiff to show cause why the Court should not recommend dismissal for failure to state actionable claims no later than May 19, 2023. [*Id.*]

On May 22, 2023, Plaintiff filed a request to extend the deadline to file a first amended complaint due to a medical emergency that prevented Plaintiff from accessing the law library. [Dkt. No. 7.] On May 26, 2023, the Court issued an order extending the deadline to file a first amended complaint to June 26, 2023. [Dkt. No. 8.] The Order stated that absent extraordinary circumstances, no further extensions of time will be granted.

To date, Plaintiff has not filed a first amended complaint or otherwise communicated with the Court. Accordingly, the case is now subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II. Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff did not file a first amended complaint on time even after his extension request was granted. Plaintiff's failure to file an amended complaint—or show good cause for his delay—prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not weigh in favor of dismissal because Defendants in this case have not yet been served. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753

(9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court and file an amended complaint.  Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal.  [Dkt. No. 8.]  Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff have failed to diligently participate in their lawsuit, retention of this case would not increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal.  The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 19, 2023

_____
GEORGE H. WU
United States District Judge

5